[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which alleges that the trial court erred in denying defendant-appellant Earl Buckner's motion for severance, is overruled. The trial court did not abuse its discretion in consolidating the charges for trial because the evidence as to each of the crimes charged was simple and distinct. See State v. Schaim (1992),65 Ohio St.3d 51, 600 N.E.2d 661; State v. Mills (1992), 62 Ohio St.3d 357,582 N.E.2d 972; State v. Clifford (1999), 135 Ohio App.3d 207,733 N.E.2d 621.
The second assignment of error, alleging that the trial court erred in allowing the prosecution to introduce inadmissible evidence of "other acts," is overruled. Buckner put his identity as the perpetrator of the crime in issue when he attempted to establish that a co-defendant's brother was the perpetrator. The evidence adduced at trial showed that Buckner had been involved with the co-defendant in selling cocaine, and not her brother. We hold that the evidence was admissible pursuant to Evid.R. 404(B) to prove Buckner's identity as the perpetrator. See Statev. Williams (Aug. 18, 2000), Hamilton App. No. C-990095, unreported;State v. Snedegar (July 16, 1999), Hamilton App. No. C-980078, unreported.
The third assignment of error, which alleges that the trial court erred in convicting Buckner of the specification that he had "on or about his person, or under his control, a firearm while committing the offense of preparation of cocaine for sale," is overruled. The cocaine and the firearms were found in the master bedroom of Buckner's apartment. The state presented sufficient evidence from which the jury could have reasonably concluded that Buckner constructively possessed all the items found in his apartment and that he possessed the firearms at the same time that he prepared the cocaine for sale. See State v. Mann (1993),93 Ohio App.3d 301, 638 N.E.2d 585.
The fourth assignment of error, alleging that Buckner's convictions were against the manifest weight of the evidence, is overruled. The weight to be given the evidence and the credibility of the witnesses are for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230,277 N.E.2d 212, paragraph one of the syllabus. Following a review of the record, we hold that the jury did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717.
The fifth assignment of error, which alleges that the trial court erred in overruling Buckner's motion to suppress his statements to police, is overruled. The record shows that under the totality of the circumstances Buckner knowingly, intelligently and voluntarily waived his Fifth Amendment and Miranda rights. See State v. Dennis (1997),79 Ohio St.3d 421, 683 N.E.2d 1096; State v. Eley (1996),77 Ohio St.3d 174, 672 N.E.2d 640; State v. Smith (1991),61 Ohio St.3d 284, 574 N.E.2d 510; State v. Cedeno (Oct. 23, 1998), Hamilton App. No. C-970465, unreported.
The sixth assignment of error, which alleges that Buckner was denied the effective assistance of counsel, is overruled because Buckner has not demonstrated that his trial counsel's performance was deficient or that he was prejudiced by counsel's performance. See Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Slaughter (Apr. 28, 2000), Hamilton App. No. C-980702, unreported.
The seventh assignment of error, alleging that the trial court erred in permitting an improper comment about Buckner's post-arrest silence, is overruled. We have reviewed the police officer's brief comment in context, and we hold that it does not constitute an improper comment about Buckner's post-arrest silence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.